## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES RUDOLPH COOLEY,    :
    :
    Plaintiff,    :
    :
    v.    :    CIVIL ACTION NO.
    :    1:15-CV-3009-RWS
BUFORD BOARD OF    :
EDUACTION, et al.,    :
    :
    Defendants.    :

## ORDER

This matter is before the Court for a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Motions to Dismiss filed by multiple groups of Defendants [Doc. Nos. 9, 10, 11, and 12], and Motions to Amend [Doc. Nos. 33 and 34] filed by two groups of Defendants.

## I.   Factual Background

Plaintiff James Rudolph Cooley brings a variety of claims against a variety of public entity and public official Defendants, as well as private attorneys. These claims stem from his April 28, 2014, arrest on the grounds of Buford City Schools Administrative Offices during a school board meeting. At the time, he was holding a sign reading "YOU ARE SERVANTS OF THE PEOPLE." He was also

AO 72A
(Rev.8/8
2)

in possession of a 380 semi-automatic handgun, wearing it in a holster on his right hip.

Plaintiff alleges that approximately one hour into his protest on April 28, 2014, he was approached by City of Buford Public Safety Director Dan Branch [Doc. No. 3, ¶ 37]. According to Plaintiff, Director Branch informed him that signs were not allowed inside the school board meetings but that he could not prevent Plaintiff from taking his gun inside the meeting [Id.]. Plaintiff questioned Director Branch about the policy of prohibiting signs inside the meeting, and he responded that Plaintiff could discuss it with the Buford City Attorney, Defendant Gregory Jay [Doc. No. 3, ¶¶ 28, 38]. Defendant Jay came outside of the Administrative Offices to discuss the school board's policy with Plaintiff and then returned inside for the meeting [Doc. No. 3, ¶ 39].

Approximately fifteen minutes later, Plaintiff was approached by Defendant Charles Wilkerson, who informed Plaintiff that he was not wanted on the property [Doc. No. 3, ¶ 40]. Defendant Wilkerson further advised Plaintiff to exercise his free speech and free expression rights on the sidewalk instead of on the school board property [Id.]. Plaintiff responded that he had every legal right to be on public property to exercise his constitutional rights and that there are no

2

"designated free speech zones" when it comes to public property [Id.].  At that point, Defendant Bryce Flora, Defendant Thomas Novak, and Defendant S.H. White arrived on the scene.

Defendant Wilkerson informed Plaintiff that he was scaring people with his gun, and Plaintiff responded that he was not responsible for people who fear firearms [Doc. No. 3, ¶¶ 41 and 42].  Plaintiff further reiterated his belief that he had every right to be there and wasn't leaving [Doc. No. 3, ¶ 43].  At that point, Defendant White approached Plaintiff and stated: "I'm not going to debate the law with you; you have 30 seconds in which to leave or you will be arrested for criminal trespass" [Doc. No. 3, ¶ 44].  In response, Plaintiff insisted to Defendant White that it was his constitutional right to be there and that he was not going to leave [Id.]. Defendant White looked at his watch and said, "10 seconds," at which time Plaintiff knew he was going to be arrested and assumed a non-threatening compliance position for arrest [Doc. No. 3, ¶ 45].  As directed by Defendant White, Defendant Flora placed handcuffs on Plaintiff's wrists [Id.].

Although Plaintiff informed the Gwinnett Officers on the scene that he did not consent to any searches or seizures, he was seized and searched incident to arrest.  Specifically, his firearm was removed from his belt, and he was placed in

3

the back seat of a Gwinnett County police patrol car and transported to Gwinnett County Detention Center by Defendant Flora [Doc. No. 3, ¶ 47]. Approximately four hours after he was booked into the Detention Center, he was shown an affidavit for a warrant for his arrest for criminal trespass [Doc. No. 3, ¶¶ 49 and 50]. Plaintiff was released from the Detention Center on a zero O.R. bond after his booking process was completed [Doc. No. 3, ¶ 50].

Plaintiff filed this lawsuit on August 25, 2015 [Doc. No. 1]. He was allowed to proceed in forma pauperis [Doc. No. 2]. Plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. As discussed below, these claims fail as a matter of law. Plaintiff also vaguely mentions state law claims such as a violation of the Open Meetings Act, kidnapping, and false imprisonment, but these claims are not pled with specificity. Even if Plaintiff had sufficiently pled these claims, as Plaintiff's federal constitutional claims fail, the Court would decline to exercise supplemental jurisdiction over the state law claims.

## II. Motions to Amend [Doc. Nos. 33 and 34]

Two groups of Defendants have filed Motions to Amend [Doc. Nos. 33 and 34] their briefs in support of their Motions to Dismiss. Plaintiff has not filed a response in opposition to the Motions to Amend. Pursuant to Local Rule 7.1B,

AO 72A
(Rev.8/8
2)

failure to file a response indicates that there is no opposition to a motion. The Court finds that consideration of the supplemental materials will facilitate a resolution of the issues in this case. As such, the Motions to Amend [Doc. Nos. 33 and 34] are GRANTED.

## III.   Motions to Dismiss [Doc. Nos. 9, 10, 11, and 12]

The Court notes that Plaintiff's Complaint has been submitted to the Court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). However, it appears that Plaintiff already served the Complaint, and most Defendants have filed Motions to Dismiss. Plaintiff has had an opportunity to respond to these Motions. As to these Defendants, the Court will consider their arguments as to why dismissal is appropriate in lieu of a frivolity review.

### A.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order

5

to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  See Iqbal, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

### B. Defendants Buford Board of Education, Buford City Schools, Philip Beard, Pat Pirkle, Daren Perkins, Beth Lancaster, Bruce Fricks, Geye Hamby, and Joy Davis [Doc. No. 9]

Defendants Buford Board of Education, Buford City Schools, Philip Beard, Pat Pirkle, Daren Perkins, Beth Lancaster, Bruce Fricks, Geye Hamby, and Joy Davis have moved to dismiss Plaintiff's Complaint [Doc. No. 9].  As an initial

AO 72A
(Rev.8/8
2)

matter, Buford City School District, rather than Buford Board of Education and Buford City Schools, is the appropriate party. The Court will consider Buford City School District's arguments as to why dismissal as appropriate.

As to Plaintiff's claims against the Board Members of the Buford City School District (Defendants Beard, Pirkle, Perkins, Lancaster, and Fricks) in their individual capacities, he cites not one clear allegation of wrongdoing against any of them. Nor does it appear that Plaintiff alleges any wrongdoing against School Superintendent Geye Hamby, other than perhaps because he called 911, and Assistant School Superintendent Joy Davis, both of whom he has sued in their individual capacities. As to Defendants Beard, Pirkle, Perkins, Lancaster, Fricks, and Davis, the Court finds that Plaintiff has failed to state a claim. As to Plaintiff's claim against Defendant Hamby in his individual capacity, to the extent he has alleged a claim for calling 911, this claim is barred by qualified immunity. To the extent Plaintiff asserts claims against these Defendants in their official capacities, suits against governmental officials in their official capacities should be treated as suits against governmental entities. Hafer v. Melo, 502 U.S. 21 (1991). Thus, Plaintiff's claims against the School Board members, the Superintendent, and the Assistant Superintendent in their official capacities are

7

really against the County and are dismissed as duplicative.

As to Plaintiff's claims against the Buford City School District, for governmental liability to be had against the School District, there must first be an actionable constitutional tort.  Plaintiff appears to allege that he was arrested without probable cause for reasons other than carrying his gun and that those reasons infringe upon his constitutional rights.  However, so long as the circumstances known to the officers, viewed objectively, give probable cause to arrest for any crime, the arrest is constitutionally valid even if arguable probable cause was lacking as to some offenses or even all announced charges.  Lee v. Ferraro, 284 F.3d 1188, 1195-96 (11th Cir. 2002).  As Plaintiff admits, he was carrying on his right hip a 380 semi-automatic handgun on the property of the Buford City Schools Administrative Offices, which is prohibited by O.C.G.A. § 16-11-127.1(b)(1).  "Whatever the officers' motivation . . . , the existence of probable cause to arrest defeats [his] First Amendment Claim."  Dahl v. Holley, 312 F.3d 1228, 1236 (11th Cir. 2012).  As a result, there is no actionable constitutional tort, and Plaintiff's claims against the Buford City School District fail as a matter of law.

For the reasons stated above, the Motion to Dismiss [Doc. No. 9] is

AO 72A
(Rev.8/8
2)

GRANTED, and the Clerk is DIRECTED to enter judgment for Defendants Buford Board of Education, Buford City Schools, Philip Beard, Pat Pirkle, Daren Perkins, Beth Lancaster, Bruce Fricks, Geye Hamby, and Joy Davis and against Plaintiff.

### C.     Defendants Chandler, Britt & Jay, LLC, Richard B. Chandler, Jr., Walt M. Britt, and Gregory D. Jay [Doc. No. 10]

Defendants Chandler, Britt & Jay, LLC, Richard B. Chandler, Jr., Walt M. Britt, and Gregory D. Jay have moved to dismiss Plaintiff's Complaint [Doc. No. 10]. Plaintiff alleges that Defendant Chandler, Britt & Jay and its attorneys represent the School District [Doc. No. 3, ¶ 28]. Plaintiff pleads no facts to suggest the law firm and its attorneys were acting under color of law and would thus be liable for a violation of his constitutional rights. Even if he had, the law firm and its attorneys would be entitled to the defenses raised by the School District, including immunity. As a result, Plaintiff's claims against these Defendants fail as a matter of law, and their Motion to Dismiss [Doc. No. 10] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendants Chandler, Britt & Jay, LLC, Richard B. Chandler, Jr., Walt M. Britt, and Gregory D. Jay and against Plaintiff.

9

**D.    Defendants Gwinnett County, Gwinnett County Police Department, Chief A.A. (Butch) Ayers, J.T. McDowell, S.H. White, Charles Wilkerson, Bryce Flora, Thomas Novak, and Daniel Symons [Doc. No. 11]**

Defendants Gwinnett County, Gwinnett County Police Department, Chief A.A. (Butch) Ayers, J.T. McDowell, S.H. White, Charles Wilkerson, Bryce Flora, Thomas Novak, and Daniel Symons have moved to dismiss Plaintiff's Complaint [Doc. No. 11].

As to Plaintiff's claims against Gwinnett County, a governmental entity is liable for a violation of § 1983 only when that injury is inflicted by the execution of an official policy or custom. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). In particular, a plaintiff must allege and ultimately prove that a constitutional violation which injured him resulted from (1) an officially promulgated County policy, or (2) an unofficial custom or practice of the County shown through the repeated acts of a final County policymaker. Monell, 436 U.S. at 694. Plaintiff's Complaint does not allege any facts that establish any unconstitutional policies, customs, or practices.

As to Plaintiff's claims against the individuals in their official capacities, suits against governmental officials in their official capacities should be treated

10

as suits against governmental entities.  Hafer v. Melo, 502 U.S. 21 (1991).  Thus, Plaintiff's claims against the Gwinnett Officers in their official capacities are really against the County and are dismissed as duplicative.

As to Plaintiff's claims against Defendant Ayers in his individual capacity, he does not allege any acts or omissions of Ayers in his Complaint.  Supervisory liability under § 1983 occurs "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  Thomas v. Clanton, 285 F.Supp.2d 1275, 1284 (M.D. Ala. 2003) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  Other than naming Ayers as a defendant, Plaintiff makes no specific allegations against him. Accordingly, his claims against Defendant Ayers in his official capacity fail as a matter of law.

As to Plaintiff's claims against the Gwinnett Officers in their individual capacity, by Plaintiff's own admissions, the Gwinnett Officers were acting within the scope of their employment at all times relevant to Plaintiff's Complaint [Doc. No. 3, ¶ 6].  Plaintiff has not pled facts demonstrating any constitutional violation, much less any clearly established violation of his rights.  Therefore, the Gwinnett

11

Officers are entitled to qualified immunity from Plaintiff's constitutional claims.

As to Plaintiff's claims against the Police Department, it is well-settled that a police department is not a proper party to a lawsuit because it is not a legal entity capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992). The Police Department is a department of the Gwinnett County Board of Commissioners and "merely the vehicle through which the [local] government fulfills its policing functions." Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). Thus, Plaintiff's claims against the Police Department fail as a matter of law.

For the reasons discussed above, the Motion to Dismiss [Doc. No. 11] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendants Gwinnett County, Gwinnett County Police Department, Chief A.A. (Butch) Ayers, J.T. McDowell, S.H. White, Charles Wilkerson, Bryce Flora, Thomas Novak, and Daniel Symons and against Plaintiff.

### E.   Defendants City of Buford, Brian B. Kerlin, Dan Branch, City of Buford Board of Commissioners, Philip Beard, L. Chris Burge, and Michael Y. Smith [Doc. No. 12]

Defendants City of Buford, Brian B. Kerlin, Dan Branch, City of Buford Board of Commissioners, Philip Beard, L. Chris Burge, and Michael Y. Smith

AO 72A
(Rev.8/8
2)

have moved to dismiss Plaintiff's Complaint [Doc. No. 12].

As to Plaintiff's claims against the individual Defendants in their individual capacities, his claims are barred by qualified immunity because, as discussed above, he has not stated a claim that they violated his clearly established constitutional rights. As to Plaintiff's claims against the City of Buford, as there is no predicate constitutional violation, Plaintiff's § 1983 claim against the City cannot stand. City of Los Angeles v. Heller, 475 U.S. 796, 798-99 (1986). As to Plaintiff's claims against the City of Buford Board of Commissioners, as discussed above, the Board is not a legal entity capable of being sued. See Shelby, 578 F.Supp. at 1370.

For the reasons discussed above, the Motion to Dismiss [Doc. No. 12] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendants City of Buford, Brian B. Kerlin, Dan Branch, City of Buford Board of Commissioners, Philip Beard, L. Chris Burge, and Michael Y. Smith and against Plaintiff.

## IV.    Frivolity Review as to Remaining Defendant Charlie Walters

The only remaining Defendant is Charlie Walters, who Plaintiff alleges is the chief of police for the Gwinnett County Police Departent. Pursuant to 28

13

U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."   Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Because Plaintiffs are proceeding pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite

14

an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).

Having screened the Complaint, the Court concludes Plaintiff has not stated a claim against Defendant Walters for the reasons discussed in Part III.D above. His claims against Defendant Walters are DISMISSED.

## V.    Conclusion

The Motions to Dismiss [Doc. Nos. 9, 10, 11, and 12] and the Motions to Amend [Doc. Nos. 33 and 34] are GRANTED.   Plaintiff's claims against Defendant Walters are DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Clerk is DIRECTED to close this action.

**SO ORDERED**, this 17th day of August, 2016.

_____
**RICHARD W. STORY**
United States District Judge

15